IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAYMOND LENAIR ADAMSON,
    Plaintiff,

vs.                                Case No.: 5:12cv247/MMP/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS., et al.,
    Defendants.
                                  /

## REPORT AND RECOMMENDATION

       This matter is before the court on Plaintiff's notice of voluntary dismissal of the instant civil rights case, filed pursuant to 42 U.S.C. § 1983, without prejudice (doc. 15).[1]

       Rule 41(a)(1)(A)(i) provides that an action may be dismissed without an order of the court by filing a notice of dismissal at any time before the adverse party serves an answer or files a motion for summary judgment.  Because Defendants have not yet been served in the instant case, it is clear that Plaintiff is automatically entitled to a voluntary dismissal at this time.

       Accordingly, it is respectfully **RECOMMENDED**:

       That Plaintiff's notice of voluntary dismissal (doc. 15) be **GRANTED** and this case be **DISMISSED without prejudice**.

       At Pensacola, Florida, this 31st day of August 2012.

                                         /s/ *Elizabeth M. Timothy*
                                         **ELIZABETH M. TIMOTHY**
                                         **UNITED STATES MAGISTRATE JUDGE**

---

[1] Plaintiff's notice of voluntary dismissal indicates that his address has changed.  The clerk of court shall modify the docket to reflect Plaintiff's new address as stated in the notice.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only**.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).